| **United States Bankruptcy Court** | **Voluntary Petition** |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle)<br>DENISTON, DOAN M. | Name of Joint Debtor (Spouse)(Last, First, Middle) |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names) | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names) |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (TIN) No./Complete EIN<br>(if more than one, state all)<br>6751 | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (TIN) No./Complete EIN<br>(if more than one, state all) |
| Street Address of Debtor (No. and Street, City, and State)<br>620 Park View Drive #109<br>Santa Clara, CA<br><br>ZIPCODE 95054 | Street Address of Joint Debtor (No. and Street, City, and State)<br><br>ZIPCODE |
| County of Residence or of the Principal Place of Business<br>Santa Clara | County of Residence or of the Principal Place of Business |
| Mailing Address of Debtor (if different from street address)<br>same as above<br><br>ZIPCODE | Mailing Address of Joint Debtor (if different from street address)<br><br>ZIPCODE |
| Location of Princial Assets of Business Debtor (if different from street address above)<br><br>ZIPCODE | |

| **Type of Debtor**<br>(Form of Organization)<br>(Check one box) | **Nature of Business**<br>(Check one box) | **Chapter of Bankruptcy Code Under Which<br>the Petition is Filed** (Check one box) |
|---|---|---|
| ☒ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form*<br>☐ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities,<br>check this box and state type of entity below.)<br><br>_____ | ☐ Health Care Business<br>☐ Single Asset Real Estate as defined in<br>11 U.S.C. § 101(51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☐ Other | ☐ Chapter 7      ☐ Chapter 15 Petition for<br>☐ Chapter 9          Recognition of a Foreign<br>☐ Chapter 11        Main Proceeding<br>☐ Chapter 12      ☐ Chapter 15 Petition for<br>☒ Chapter 13        Recognition of a Foreign<br>                          Nonmain Proceeding |
| | **Tax-Exempt Entity**<br>(Check box, if applicable)<br><br>☐ Debtor is a tax-exempt organization<br>under Title 26 of the United States<br>Code (the Internal Revenue Code). | **Nature of Debts**<br>(Check one box)<br>☒ Debts are primarily consumer      ☐ Debts are primarily<br>debts, defined in 11 U.S.C.            business debts<br>§ 101(8) as "incurred by an<br>individual primarily for a<br>personal, family, or house-<br>hold purpose." |

| **Filing Fee** (Check one box) | **Chapter 11 Debtors** |
|---|---|
| ☒ Full Filing Fee attached<br><br>☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach<br>signed application for the court's consideration certifying that the debtor is<br>unable to pay fee except in installments.  Rule 1006(b). See Official Form 3A.<br><br>☐ Filing Fee waiver requested (applicable to chapter 7 individuals only).  Must<br>attach signed application for the court's consideration. See Official Form 3B. | Check one box:<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br><br>☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br><br>Check if:<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to<br>insiders or affiliates) are less than $2,190,000.<br><br>Check all applicable boxes:<br>☐ A plan is being filed with this petition.<br>☐ Acceptances of the plan were solicited prepetition from one or more classes<br>of creditors, in accordance with 11 U.S.C. § 1126(b). |

**Statistical/Administrative Information** | THIS SPACE IS FOR<br>COURT USE ONLY

☒ Debtor estimates that funds will be available for distribution to unsecured creditors.
☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for
distribution to unsecured creditors.

Estimated Number of Creditors

| ☒ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-<br>5,000 | 5,001-<br>10,000 | 10,001-<br>25,000 | 25,001-<br>50,000 | 50,001-<br>100,000 | Over<br>100,000 |

Estimated Assets

| ☒ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001<br>to $1<br>million | $1,000,001<br>to $10<br>million | $10,000,001<br>to $50<br>million | $50,000,001<br>to $100<br>million | $100,000,001<br>to $500<br>million | $500,000,001<br>to $1 billion | $More than<br>$1 billion |

Estimated Liabilities

| ☒ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001<br>to $1<br>million | $1,000,001<br>to $10<br>million | $10,000,001<br>to $50<br>million | $50,000,001<br>to $100<br>million | $100,000,001<br>to $500<br>million | $500,000,001<br>to $1 billion | $More than<br>$1 billion |

| **Voluntary Petition** *(This page must be completed and filed in every case.)* | **Name of Debtor(s):** DOAN DENISTON |
|---|---|

| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet.) | | |
|---|---|---|
| Location Where Filed:  none | Case Number: | Date Filed: |
| Location Where Filed: | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet.) | | |
|---|---|---|
| Name of Debtor:  none | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

| **Exhibit A** | **Exhibit B** (To be completed if debtor is an individual whose debts are primarily consumer debts.) |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.) | I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b). |
| ☐ Exhibit A is attached and made a part of this petition. | X _____  11/19/10 Signature of Attorney for Debtor(s)        (Date) |

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

☒ No.

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☒ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box.)

☒ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

| Voluntary Petition | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case.)* | DOAN DENISTON |

## Signatures

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.

[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.

[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Debtor    DOAN M. DENISTON

X _____N/A_____
Signature of Joint Debtor
(Not Applicable - Represented by Attorney)

Telephone Number (if not represented by attorney)
11/19/10
Date

### Signature of Attorney*

X _____
Signature of Attorney for Debtor(s)
James S.K.Shulman
Printed Name of Attorney for Debtor(s)
Shulman Law Offices
Firm Name
1501 The Alameda
Address
San Jose, CA 95126

408-297-3333
Telephone Number    11/19/10
Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Authorized Individual

_____
Printed Name of Authorized Individual

_____
Title of Authorized Individual

_____
Date

### Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.

☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
(Signature of Foreign Representative)

_____
(Printed Name of Foreign Representative)

_____
Date

### Signature of Non-Attorney Bankruptcy Petition Preparer

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

_____
Address

X _____

_____
Date

Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

# United States Bankruptcy Court

## Northern District of California

In re   DOAN M. DENISTON

Case No.

Chapter 13

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors also must complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | 0 | | |
| B - Personal Property | Yes | 3 | 20,620 | | |
| C - Property Claimed as Exempt | Yes | 1 | | | |
| D - Creditors Holding Secured Claims | Yes | 1 | | 21,385 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | Yes | 1 | | 0 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 3 | | 23,969 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | Yes | 1 | | | 1,789 |
| J - Current Expenditures of Individual Debtors(s) | Yes | 1 | | | 1,314 |
| TOTAL | | 14 | 20,620 | 45,354 | |

# United States Bankruptcy Court

## Northern District of California

In re   DOAN M. DENISTON

Case No.

Chapter 13

## STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C. § 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

☐   Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | 0 |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | 0 |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | 0 |
| Student Loan Obligations (from Schedule F) | 0 |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | 0 |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | 0 |
| **TOTAL** | 0 |

**State the following:**

| | |
|---|---|
| Average Income (from Schedule I, Line 16) | 1,789 |
| Average Expenses (from Schedule J, Line 18) | 1,314 |
| Current Monthly Income (from Form 22A Line 12; OR, Form 22B Line 11; OR, Form 22C Line 20 ) | 3,135 |

**State the following:**

| | | |
|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | 3313 |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column. | 0 | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | 0 |
| 4. Total from Schedule F | | 23,969 |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | 27,282 |

In re   DOAN M. DENISTON

Case No.

Chapter 13

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of 12 sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date _____ 11/19/10 _____     Signature: _____
                                              Debtor    DOAN M. DENISTON

Date _____     Signature: _____
                                              Joint Debtor
                                              [If joint case, both spouses must sign.]

---

## DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h) and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required by that section.

_____          _____
Printed or Typed Name and Title, if any,                    Social Security No.
of Bankruptcy Petition Preparer                             *(Required by 11 U.S.C. § 110.)*

*If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social security number of the officer, principal, responsible person, or partner who signs this document.*

_____
_____
_____
Address

X _____          _____
Signature of Bankruptcy Petition Preparer                    Date

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document, unless the bankruptcy petition preparer is not an individual:

*If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.*

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

---

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF A CORPORATION OR PARTNERSHIP

I, the _____ [the president or other officer or an authorized agent of the corporation or a member or an authorized agent of the partnership ] of the _____ [corporation or partnership] named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of ___ sheets (Total shown on summary page plus 1), and that they are true and correct to the best of my knowledge, information, and belief.

Date _____     Signature: _____

                                              _____
                                              [Print or type name of individual signing on behalf of debtor.]

*[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]*

---

*Penalty for making a false statement or concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 and 3571.

In re: DOAN M. DENISTON                                          Case No.

## SCHEDULE A -- REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a co-tenant, community property, .. 1-00
or in which the debtor has a life estate.  Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit.  If the debtor is married, state whether husband, wife, (debtor 1 or debtor 2) or both the property by placing an "H," "W," ("1" or "2"), "J," or "C" in the appropriate column.  If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

Do not include interests in executory contracts and unexpired leases on this schedule.  List them in Schedule G -- Executory Contracts and Unexpired Leases.

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim.  See Schedule D.  If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C -- Property Claimed as Exempt.

☐ Current market value is the value of Debtor's interest in the hands of the Trustee.

I am married, filing this proceeding under title 11, U.S.C., and my spouse has not given me permission to disclose his/her financial affairs for all schedules.

| Description and Location of Property | Nature of Debtor's Interest | Husband/ Wife/ Debtor 1/ Debtor 2/ Joint/ Community | Current Value of Debtor's Interest in Property Without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| NONE | | | | |
| | | | Total | 0 |

(Report also on Summary of Schedules.)

Case: 10-61998    Doc# 1    Filed: 11/19/10    Entered: 11/19/10 17:12:14    Page 7 of 33

In re: DOAN M. DENISTON                                    Case No.

# SCHEDULE B -- PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate .. 1-00
position in the column labeled "None." If additional space is needed in any category, attach a separate page properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, (or Debtor 1 or Debtor 2) or both own the property by placing an "H," "W," ("1" or "2"), "J," or "C" in the appropriate column. If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C -- Property Claimed as Exempt.
Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G -- Executory Contracts and Unexpired Leases.
If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."

| Type of Property | None | Description and Location of Property | Husband/ Wife/ Debtor 1/ Debtor 2/ Joint/ Community | Current Market Value of Debtor's Interest in Property Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 1. Cash on hand. | | Cash on hand | | 50 |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperations. | | Wells Fargo Bank | | 300 |
| 3. Security deposits with public utilities telephone companies, landlords, and others. | XX | | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | | Household furnishings and appliances | | 1000 |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | | Misc. personal effects at residence | | 50 |
| 6. Wearing Apparel. | | Misc. wearing apparel at residence | | 200 |
| 7. Furs and jewelry. | | Misc. Jewelry etc. at residence | | 20 |
| 8. Firearms and sports, photographic, and other hobby equipment. | XX | | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender value of each. | XX | | | |
| 10. Annuities. Itemize and name each issuer. | XX | | | |
| 11. Interests in educational IRAs. | XX | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Itemize. | XX | | | |

In re: DOAN M. DENISTON                                          Case No.

## SCHEDULE B -- PERSONAL PROPERTY
(Continuation Page)

| Type of Property | None | Description and Location of Property | Husband/ Wife/ Debtor 1/ Debtor 2/ Joint/ Community | Current Market Value of Debtor's in Property Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | XX | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | XX | | | |
| 15. Government and corporate bonds and other negotiable and non-negotiable instruments. | XX | | | |
| 16. Accounts receivable. | XX | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | XX | | | |
| 18. Other liquidated debts owing debtor including tax refunds. Give particulars. | XX | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule of Real Property. | XX | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | XX | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | | Wages Earned But Unpaid | | Unknown |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | XX | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | XX | | | |
| 24. Customer lists provided to debtor | XX | | | |

In re: DOAN M. DENISTON             Case No.

## SCHEDULE B -- PERSONAL PROPERTY
(Continuation Page)

| Type of Property | None | Description and Location of Property | Husband/ Wife/ Debtor 1/ Debtor 2/ Joint/ Community | Current Market Value of Debtor's Interest in Property Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | 2009 Honda Civic EX | | 19,000 |
| 26. Boats, motors, and accessories. | XX | | | |
| 27. Aircraft and accessories. | XX | | | |
| 28. Office equipment, furnishings, and supplies. | XX | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | XX | | | |
| 30. Inventory. | XX | | | |
| 31. Animals. | XX | | | |
| 32. Crops - growing or harvested. Give particulars. | XX | | | |
| 33. Farming equipment and implements. | XX | | | |
| 34. Farm supplies, chemicals, and feed. | XX | | | |
| 35. Other personal property of any kind not already listed. Itemize. | XX | | | |

         <u> 0 </u>   Continuation pages attached         Total          20,620

(Include amounts from any continuation pages pages attached. Report total also on Summary of Schedules.)

Case: 10-61998    Doc# 1    Filed: 11/19/10    Entered: 11/19/10 17:12:14    Page 10 of 33

In re: DOAN M. DENISTON                          Case No.

## SCHEDULE C -- PROPERTY CLAIMED AS EXEMPT

The state under which Debtor(s) exemptions are determined: California

If exemption state is not California, applicability to non-residents? Exemption state is California.

Debtor elects the exemptions to which debtor is entitled under: [Check one]

☐ Exemptions provided in 11 U.S.C. 522(d). (Federal Exemptions)
☒ 11 U.S.C. 522(b)(3): Exemptions available under applicable nonbankruptcy federal laws, state or local laws and the debtor's interest as a tenant
   by the entirety or joint tenancy to the extent the interest is exempt from process under applicable nonbankruptcy law. (State Exemptions)
   ☒ C.C.P. 703.140(b) (Modified Federal Exemptions under California law)
   ☐ C.C.P. 704 (California Exemptions)
   Applicability of C.C.P. 703.140(a)(2): Not applicable

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemptions |
|---|---|---|---|
| Cash on Hand | (1) & (5) | 50 | 50 |
| Wells Fargo Bank | (1) & (5) | 300 | 300 |
| Household furnishings and appliances | (3) | 1000 | 1000 |
| Misc. personal effects at residence | (3) | 50 | 50 |
| Misc. wearing apparel at residence | (3) | 200 | 200 |
| Misc. Jewelry etc. at residence | (4) | 20 | 20 |
| Wages Earned But Unpaid | (5) | Up to limit | Unknown |
| 2009 Honda Civic EX | (2) | 3525 | 19,000 |

In re: DOAN M. DENISTON                                                    Case No. _____

## SCHEDULE D -- CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and account number, if any, of all entities holding claims secured by property of the debtor as of the date of filing of the petition. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests. List creditors in alphabetical order to the extent practicable. If all secured creditors will not fit on this page, use the continuation page provided. If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor" including the entity on the appropriate schedule of creditors, and complete Schedule H -- Codebtors. If a joint petition is filed, state whether husband, wife (debtor 1 or debtor 2), both of them, or the marital community may be liable on each claim by indicating in the appropriate column.If the claim is contingent, place an "X" in the column labeled "Contingent" If the claim is unliquidated, place an "X" in the column labeled "Unliquidated" If the claim is disputed, place an "X" in the column labeled "Disputed" (You may need to place an "X" in more than one of these three columns.)Report the total of all claims listed on this schedule in the box labeled "Total" on the last page of the completed schedule. Report this total also on the Summary of Schedules.

☐ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.          Number of continuation pages attached: 0

| Creditor's Name and Mailing Address including Zip Code<br><br>Account Number | Codebtor | Husband/ Wife/ Debtor1/ Debtor2/ Joint/ Community | Date Claim Was Incurred, Nature of Lien, and Description and Market Value of Property Subject to Lien | Contingent | Unliquidated | Disputed | Amount of Claim Without Deducting Value of Collateral | Unsecured Portion if Any |
|---|---|---|---|---|---|---|---|---|
| American Honda Finance Corporation<br>PO Box 6070<br>Cupress  CA  90630<br><br>118050083 | | | Secured by 2009 Honda Civic EX<br><br>Value: 19000 | | | | 17572 | |
| HSBC Retail Services<br>PO Box 60148<br>City of Industry  CA  91716<br><br>7021 2712 0483 6321 | | | Secured by appliances<br><br>Value: 500 | | | | 3813 | 3313 |
| HSBC Retail Services<br>PO Box 15521<br>Wilmington  DE  19850<br><br>7021 2712 0483 6321 | | | Duplicate | | | | Notice Only | |
| | | | | | | | | |
| | | | | | | | | |
| | | | Subtotal (Total of this page) | | | | 21385 | |
| | | | Total (Use only on last page) | | | | 21385 | (Report total also on Summary of Schedules) |

Note:  The listing of a creditor herein is not an admission by the Debtor(s) as to the existence, validity, or the amount of said claim.  Listing an entity as a creditor is intended merely to provide notice of the filing of this bankruptcy case, and every entity listed herein should consider its claim to be "Disputed" without a specific indication by their name and address, requiring filing a Proof of Claim with sufficient supporting documentation that shall establish prima facie evidence of the claim. Entities with listings indented as "Disputed" are noticed of the Debtor(s)' affirmative denial of the existence, validity, or amount of their claim.

In re: DOAN M. DENISTON                                          Case No.

## SCHEDULE E -- CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the pages provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached pages, state the name and mailing address, including zip code, and account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor" including the entity on the appropriate schedule of creditors, and complete Schedule H -- Codebtors. If a joint petition is filed, state whether husband, wife (debtor 1 or debtor 2), both of them, or the marital community may be liable on each claim by indicating in the appropriate column. If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.) Report the total of claims listed on each page in the box labeled "Subtotal" on each page. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last page of the completed schedule. Repeat this total also on the Summary of Schedules.

[XX]  Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.  Number of continuation pages attached: 0

### TYPES OF PRIORITY CLAIMS (Check the appropriate boxes below if claims in that category are listed on this or attached pages)
Totals

| 0 | [  ] | **ADMINISTRATIVE EXPENSES.** Administrative expenses allowed under 11 U.S.C. 503(b) and any fees and charges assessed against the estate under chapter 123 of title 28. 11 U.S.C. 507(a)(2) |
| 0 | [  ] | **DOMESTIC SUPPORT.** Claims for domestic support to a spouse, former spouse, or child of the debtor or a governmental unit collecting such support provided in 11 U.S.C. 507(a)(1). |
| 0 | [  ] | **EXTENSIONS OF CREDIT IN AN INVOLUNTARY CASE.** Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. 507(a)(3). |
| 0 | [  ] | **WAGES, SALARIES, AND COMMISSIONS.** Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees, and commissions owing to qualifying independent sales representatives, up to $10,000* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. 507(a)(4). |
| 0 | [  ] | **CONTRIBUTIONS TO EMPLOYEE BENEFIT PLANS.** Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. 507(a)(5). |
| 0 | [  ] | **CERTAIN FARMERS AND FISHERMEN.** Claims of certain farmers and fishermen, up to $4,925* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. 507(a)(6). |
| 0 | [  ] | **DEPOSITS BY INDIVIDUALS.** Claims of individuals up to $2,225 for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. 507(a)(7). |
| 0 | [  ] | **TAXES AND CERTAIN OTHER DEBTS OWED TO GOVERNMENTAL UNITS.** Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. 507(a)(8). |
| 0 | [  ] | **COMMITMENTS TO MAINTAIN THE CAPITAL OF AN INSURED DEPOSITORY INSTITUTION.** Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. 507(a)(9). |
| 0 | [  ] | **DRUNK INJURY OR DEATH.** Claims for death or personal injury resulting from the debtor's operation of motor vehicle or boat while intoxicated from using alcohol, drugs or another substance. 11 U.S.C. 507(a)(10). |

* Amounts are subject to adjustment on April 1, 2001, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

Type of Priority: No Priority Claims

| Creditor's Name and Mailing Address including Zip Code<br><br>Account Number | C o d e b t o r | Husband/ Wife/ Debtor1/ Debtor2/ Joint/ Community | Date Claim Was Incurred, and Consideration for Claim | C o n t i n g e n t | U n l i q u i d a t e d | D i s p u t e d | Total Amount of Claim | Amount Entitled to Priority |
|---|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |

| | | |
|---|---|---|
| Note: The listing of a creditor herein is not an admission by the Debtor(s) as to the existence, validity, or the amount of said claim. Listing an entity as a creditor is intended merely to provide notice of the filing of this bankruptcy case, and every entity listed herein should consider its claim to be "Disputed" without a specific indication by their name and address, requiring filing a Proof of Claim with sufficient supporting documentation that shall establish prima facie evidence of the claim. Entities with listings indicated as "Disputed" are noticed of the Debtor(s)' affirmative denial of the existence, validity, or amount of their claim. | Subtotal (Total of this page) | 0 |
| | Total (Use only on last page) | 0 |
| | | (Report total also on Summary of Schedules) |

In re: DOAN M. DENISTON                                          Case No.

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and account number, if any, of all entities holding unsecured claims without priority against the debtor or property of the debtor as of the date of filing of the petition.  Do not include claims listed in Schedules D and E.  If all creditors will not fit on this page, use the continuation sheet provided.  If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors.  If a joint petition is filed, state whether husband, wife (debtor 1 or debtor 2), both of them, or the marital community may be liable on each claim by indicating in the appropriate column.  If the claim is contingent, place an "X" in the column labeled "Contingent."  If the claim is unliquidated, place an "X" in the column labeled "Unliquidated."  If the claim is disputed, place an "X" in the column labeled "Disputed."  (You may need to place an "X" in more than one of these three columns.)  Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule.  Report this total also on the Summary of Schedules.

☐ Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.        Number of continuation pages attached: 2

| Creditor's Name and Mailing Address including Zip Code  Account Number | C o d e b t o r | Husband/ Wife/ Debtor1/ Debtor2/ Joint/ Community | Date Claim Was Incurred, and Consideration for Claim. If Claim Is Subject to Setoff, So State. | C o n t i n g e n t | U n l i q u i d a t e d | D i s p u t e d | Amount of Claim |
|---|---|---|---|---|---|---|---|
| American General Finance PO Box 54290 Los Angeles  CA  90054  01730637 | | | Duplicate | | | | Notice Only |
| American General Finance, Inc. 1080 Blossom Hill Road #G1 San Jose  CA  95123  01730637 | | | | | | | 6354 |
| Asset Acceptance LLC PO Box 2036 Warren  MI  48090  38553546 | | | | | | | 728 |
| Bank of America PO Box 301200 Los Angeles  CA  90030  749 74265 4475 88 | | | | | | | 3178 |
| Bank of America PO Box 15028 Wilmington  DE  19850  749 74265 4475 88 | | | Duplicate | | | | Notice Only |
| | | | Subtotal (Total of this page) | | | | 10260 |
| | | | Total (Use only on last page) | | | | |

(Report total also on Summary of Schedules)

Note:  The listing of a creditor herein is not an admission by the Debtor(s) as to the existence, validity, or the amount of said claim.  Listing an entity as a creditor is intended merely to provide notice of the filing of this bankruptcy case, and every entity listed herein should consider its claim to be "Disputed" without a specific indication by their name and address, requiring filing a Proof of Claim with sufficient supporting documentation that shall establish prima facie evidence of the claim.  Entities with listings indicated as "Disputed" are noticed of the Debtor(s)' affirmative denial of the existence, validity or amount of their claim.

Case 10-60835    Doc 1    Filed: 11/19/10    Entered: 11/19/10 17:12:14    Page 14 of 33

In re:  DOAN M. DENISTON                                             Case No. 

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Page)

| Creditor's Name and Mailing Address including Zip Code<br><br>Account Number | C o d e b t o r | Husband/ Wife/ Debtor1/ Debtor2/ Joint/ Community | Date Claim Was Incurred, and Consideration for Claim. If Claim Is Subject to Setoff, So State. | C o n t i n g e n t | U n l i q u i d a t e d | D i s p u t e d | Amount of Claim |
|---|---|---|---|---|---|---|---|
| Capital One Bank<br>PO Box 60599<br>City of Industry  CA  91716<br><br>5178 0573 0008 6332 | | | | | | | 1796 |
| Capital One Bank<br>PO Box 30285<br>Salt Lake City  UT  84130<br><br>5178 0573 0008 6332 | | | Duplicate | | | | Notice Only |
| Citi Cards<br>Processing Center<br>Des Moines  IA  50363<br><br>5424 1808 6672 5705 | | | | | | | 1386 |
| Citi Cards<br>PO Box 6000<br>The Lakes NV 89163<br><br>5424 1808 6672 5705 | | | Duplicate | | | | Notice Only |
| Discover<br>PO Box 30943<br>Salt Lake City UT 84130<br><br>ending in 7140 | | | Duplicate | | | | Notice Only |
| Discover<br>PO Box 6103<br>Carol Stream  IL  60197<br><br>ending in 7140 | | | | | | | 4354 |
| | | | | | Subtotal (Total of this page) | | 7536 |
| | | | | | Total (Use only on last page) | | |

(Report total also on Summary of Schedules)

Note:  The listing of a creditor herein is not an admission by the Debtor(s) as to the existence, validity, or the amount of said claim.  Listing an entity as a creditor is intended merely to provide notice of the filing of this bankruptcy case, and every entity listed herein should consider its claim to be "Disputed" without a specific indication by their name and address, requiring filing a Proof of Claim with sufficient supporting documentation that shall establish prima facie evidence of the claim.  Entities with listings indicated as "Disputed" are noticed of the Debtor(s)' affirmative denial of the existence, validity, and/or amount of their claim.

In re: DOAN M. DENISTON

Case No.

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
## (Continuation Page)

| Creditor's Name and Mailing Address including Zip Code<br><br>Account Number | C o d e b t o r | Husband/ Wife/ Debtor1/ Debtor2/ Joint/ Community | Date Claim Was Incurred, and Consideration for Claim. If Claim Is Subject to Setoff, So State. | C o n t i n g e n t | U n l i q u i d a t e d | D i s p u t e d | Amount of Claim |
|---|---|---|---|---|---|---|---|
| GE Money Bank/Wal-Mart<br>Attn: Bankruptcy Dept.<br>PO Box 103104<br>Roswell  GA  30076<br>ending in 5330 | | | Duplicate | | | | Notice Only |
| Guaranty Collection/Mercury Insurance<br>26500 Agoura Road #204-A<br>Calabasas  CA  91302<br><br>24473 | | | | | | | 6069 |
| Wal-Mart<br>PO Box 530927<br>Atlanta GA  30353<br><br>ending in 5330 | | | | | | | 104 |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | Subtotal (Total of this page) | 6173 |
| | | | | | | Total (Use only on last page) | 23969 |

(Report total also on Summary of Schedules)

Note:  The listing of a creditor herein is not an admission by the Debtor(s) as to the existence, validity, or the amount of said claim.  Listing an entity as a creditor is intended merely to provide notice of the filing of this bankruptcy case, and every entity listed herein should consider its claim to be "Disputed" without a specific indication by their name and address, requiring filing a Proof of Claim with sufficient supporting documentation that shall establish prima facie evidence of the claim.  Entities with listings indicated as "Disputed" are noticed of the Debtor(s)' affirmative denial of the existence, validity, or amount of their claim.

In re:  DOAN M. DENISTON                                    Case No.

## SCHEDULE G -- EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property.  Include any timeshare interests.  State nature of debtor's interest in contract, i.e., "Purchaser," "Agent," etc.  State whether debtor is the lessor or lessee of a lease.  Provide the names and complete mailing addresses of all other parties to each lease or contract described.  NOTE:  A party listed on this schedule will not receive notice of the filing of this case unless the party is also scheduled in the appropriate schedule of creditors.

☐☒ Check this box if debtor has no executory contracts or unexpired leases.

Number of continuation pages attached:  __0__

| Name and Mailing Address Including Zip Code of Other Parties to Lease or Contract | Description of Contract or Lease and Nature of Debtor's Interest.  State Whether Lease is for Nonresidential Real Property.  State Contract Number of any Government Contract. |
|---|---|
|  |  |

In re: DOAN M. DENISTON                              Case No. 

## SCHEDULE H -- CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors.  Include all guarantors and co-signers.  In community property states, a married debtor not filing a joint case should report the name and address of the nondebtor spouse on this schedule.  Include all names used by the nondebtor spouse during the six years immediately preceding the commencement of this case.

[XX]  Check this box if debtor has no codebtors.

| Name and Address of Codebtor | Name and Address of Creditor |
|---|---|
|  |  |

In re: DOAN M. DENISTON                                                    Case No.

## SCHEDULE I -- CURRENT INCOME OF INDIVIDUAL DEBTORS

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by a married debtor in a chapter 12 or 13 case whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

The marital status of the debtor(s) is: unmarried

| DEPENDENTS OF DEBTOR AND SPOUSE | | | | |
|---|---|---|---|---|
| | | | Monthly Support | |
| Name | Age | Relationship | Paid by Debtor(s) | Received by Debtor(s) |
| none | | | | |

| EMPLOYMENT | | |
|---|---|---|
| | Debtor | Spouse |
| Occupation | Production Assistant | |
| How long employed | 2 months | |
| Name of Employer | Yes Video | |
| Employer's Address | 3281 Scott Blvd. | |
| | Santa Clara, CA 95054 | |

| INCOME: (Estimate of average or projected monthly income at time case filed) | | |
|---|---|---|
| | Debtor | Spouse |
| GROSS EMPLOYMENT INCOME | | |
| 1. Monthly gross wages, salary, and commissions (prorate if not paid monthly) | 1,387 | |
| 2. Estimate monthly overtime | | |
| 3. SUBTOTAL | 1,387 | |
| 4. LESS PAYROLL DEDUCTIONS | | |
|     a. Payroll taxes and social security | 140 | |
|     b. Insurance | | |
|     c. Union dues | | |
|     d. Other | | |
|       (Specify): | | |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | 140 | |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | 1,247 | |
| OTHER SOURCES OF INCOME | | |
| 7. Regular income from operation of business, profession, or farm (attach detailed statement) | | |
| 8. Income from real property | | |
| 9. Interest and dividends | | |
| 10. Alimony, maintenance or support paid to debtor for support and for listed dependents | | |
| 11. Social security or government assistance | | |
|     (Specify) | | |
| 12. Pension or retirement income | | |
| 13. Other monthly income | | |
|     part-time job | 542 | |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | 542 | |
| 15. AVERAGE MONTHLY INCOME (Add amounts on lines 6 and 14) | 1,789 | |
| 16. COMBINED AVERAGE MONTHLY INCOME: (Combine column totals from line 15) (Report also on Summary of Schedules) | | 1,789 |
| Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document. | | |

## SCHEDULE J -- CURRENT EXPENDITURES OF INDIVIDUAL DEBTORS

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed.  Prorate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate.  The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form 22A or 22C.

☐  Check this box if a joint petition is filed and debtor's spouse maintains a separate household.  If so, complete the second column also.

| | DEBTOR | SPOUSE (If separate) |
|---|---|---|
| 1. Rent or home mortgage payment | | |
|     (include mobilehome space rent) | 300 | |
|     a. Real estate taxes (not included above) | | |
|     b. Property insurance (not included above) | | |
| 2. Utilities | | |
|     a. Electricity and heat | 50 | |
|     b. Water and sewer | | |
|     c. Telephone | 70 | |
|     d. Other | | |
|         Internet Services | | |
|         Cable TV | | |
| 3. Home maintenance (repairs and upkeep) | | |
| 4. Food and home supplies | 354 | |
| 5. Clothing | 75 | |
| 6. Laundry and dry cleaning | 20 | |
| 7. Medical and dental | 60 | |
| 8. Transportation (not including car payment) | 200 | |
| 9. Recreation, clubs and entertainment, | 50 | |
|     Newspapers and magazines | | |
| 10. Charitable contributions | | |
| 11. Insurance (not deducted from wages or | | |
|     included in home mortgage payments): | | |
|     a. Homeowner's or renter's | | |
|     b. Life | | |
|     c. Health | | |
|     d. Auto | 125 | |
|     e. Other | | |
| 12. Taxes (not deducted from wages or | | |
|     included above) Specify: | | |
| | | |
| 13. Installment payments: (In chapter 11, 12 or 13 | | |
|     do not list payments included in the plan) | | |
|     a. Auto | | |
|     b. Other: | | |
|     c. Other: | | |
| 14. Alimony, maintenance, and support | | |
|     paid to others | | |
| 15. Other support (specify): | | |
| | | |
| 16.  Regular expenses of business, profession, or farm | | |
| 17. Other expenses (specify): | | |
| | 10 | |
| TOTAL THIS COLUMN | 1,314 | |
| 18. AVERAGE MONTHLY EXPENSES(Total lines 1-17.  Report on Summary of Schedules) | | 1,314 |
| 19.  Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document: | | |
| 20. STATEMENT OF MONTHLY NET INCOME | | |
|     a.  Average monthly income from Line 15 of Schedule I | | 1,789 |
|     b.  Average monthly expenses from Line 18 above | | 1,314 |
|     c.  Monthly net income (a. minus b.) | | 475 |

## STATEMENT OF REASONABLY NECESSARY EXPENSES
### FOR USE IN CHAPTER 13 - BMFI

| | | | IRS Standards | Reasonably Necessary |
|---|---|---|---|---|
| **Part I.** | **Items Included in the IRS National Standards - Food, Clothing, Etc.** | | | |
| 1. | Food, clothing, household expenses, personal care, miscellaneous | | 526 | ▨ |
| 2. | Sec 707(b) Additional 5% for high-cost area | | 19 | ▨ |
| 3. | Total | | 545 | 526 |

| | | | IRS Standards | Reasonably Necessary |
|---|---|---|---|---|
| **Part II.** | **Items Included in the IRS National Standards - Housing and Utilities** | | | |
| 4. | Housing portion of IRS Standards | | 1,734 | ▨ |
| 5. | | Rent, mobilehome space rent, or mortgage only | | 1,734 |
| 6. | | Additional housing (homeowners, prop taxes, insurance, etc.) | | 0 |
| 7. | Non-housing portion (utilities: power, water, garbage, basic phone, etc.) | | 563 | 563 |
| 8. | Internet | | | 0 |
| 9. | Cell phone, pagers, etc. | | | 0 |
| 10. | Cable, satellite TV | | | 0 |
| 11. | Other utilities | | | 0 |

| | | | IRS Standards | Reasonably Necessary |
|---|---|---|---|---|
| **Part III.** | **Items Included in Transportation Operation and Public Transit** | | | |
| 12. | Public transit, vehicle maintenance, vehicle registration, insurance | (1 vehicle) | 306 | 306 |

| | | | IRS Standards | Reasonably Necessary |
|---|---|---|---|---|
| **Part IV.** | **Items Included in Transportation Ownership** | | | |
| 13. | Vehicle loan and lease payments, vehicle depreciation | (1 vehicle) | 496 | 496 |

| | | | | Reasonably Necessary |
|---|---|---|---|---|
| **Part V.** | **Taxes and Payroll Withholding** | | | |
| 14. | Taxes (e.g. withheld payroll taxes claimed on Schedule I) | | | 140 |
| 15. | Other mandatory payroll withholding | | | 0 |
| 16. | Voluntary retirement and retirement loan repayments | | | 0 |

| | | | | Reasonably Necessary |
|---|---|---|---|---|
| **Part VI.** | **Insurance Payments** | | | |
| 17. | Life insurance | | | 0 |
| 18. | Medical and health insurance | | | 0 |
| 19. | Disability insurance | | | 0 |
| 20. | Other insurance | | | 0 |
| | | | | 0 |

| | | | | Reasonably Necessary |
|---|---|---|---|---|
| **Part VII.** | **Court-Ordered Payments** | | | |
| 21. | Child or spousal support - ongoing | | | 0 |
| 22. | Child or spousal support - arrears | | | 0 |
| 23. | Other court-ordered payments | | | 0 |

| | | | | Reasonably Necessary |
|---|---|---|---|---|
| **Part VIII.** | **Miscellaneous Payments** | | | |
| 24. | Other dependent, household, or family care | | | 0 |
| 25. | Charitable contributions | | | 0 |
| 26. | Healthcare | (The household contains 1 member under 65.) | 60 | 60 |
| 27. | Childcare | | | 0 |
| 28. | Minor dependent special education or job-related education | | | 0 |
| 29. | Employee work expenses (unless reimbursed and reimbursement not included in income) | | | 0 |

| Part IX. Other (including 60-month prorated secured, secured arrears, and priority debt payments not otherwise counted - do not double-count mortgage payments) | | |
|---|---|---|
| 30. | | 0 |
| 31. | | 0 |
| 32. | | 0 |
| 33. | | 0 |

| **Total Reasonably Necessary Expenses Claimed by Debtor**   (Subtract from Current Monthly Income to determine Disposable Income.) | 3,825 |
|---|---|

## Part X.  Verification

I declare under penalty of perjury that the information provided in this statement is true and correct.  (If this is a joint case, both debtors must sign.)

Dated: _____11/19/10_____

_____
Debtor, DOAN M. DENISTON

Case: 10-61998   Doc# 1   Filed: 11/19/10   Entered: 11/19/10 17:12:14   Page 22 of 33

In re: DOAN M. DENISTON                                    Case No.

# STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs.

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 16 - 21. Each question must be answered. If the answer to any question is "None," or the question is not applicable, mark the box labeled "None." If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

## DEFINITIONS

"In business." A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within the two years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or person in control of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed.

"Insider." The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any person in control of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. 101(30).

## 1. Income from employment or operation of business

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the two years immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

|    | AMOUNT | | SOURCE (if more than one) |
|----|--------|---|---------------------------|
| 1: | This year (so far): | 30,823 (est) | |
|    | Previous year: | 30,491 (est) | |
|    | Next previous year: | 31,277 (est) | |

## 2. Income other than from employment or operation of business

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the two years immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

NONE

## 3. Payments to creditors

a. Individual or joint debtor(s) with primarily consumer debts: List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within 90 days immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

NONE, except required minimum payments on unsecured debts and regular instalment payments on any secured debts, such as vehicle loans, house loans, or vehicle leases, or residential rent.

b. Debtor whose debts are not primarily consumer debts: List each payment or other transfer to any creditor made within 90 days immediately preceding the commencement of the case if the aggregate value of all property that constitutes or is affected by such transfer is not less than $5,475. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

NONE

c. All debtors: List all payments made within one year immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

NONE

## 4. Suits, executions, garnishments and attachments

a.    List all suits to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

NONE

b.    Describe all property that has been attached, garnished or seized under any legal or equitable process within one year immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

NONE

## 5. Repossessions, foreclosures and returns

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within one year immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

NONE

## 6. Assignments and receiverships

a.    Describe any assignment of property for the benefit of creditors made within 120 days immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

NONE

b.    List all property which has been in the hands of a custodian, receiver, or court-appointed official within one year immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

NONE

## 7. Gifts

List all gifts or charitable contributions made within one year immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient.  (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

NONE

## 8. Losses

List all losses from fire, theft, other casualty or gambling within one year immediately preceding the commencement of this case or since the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

NONE

## 9. Payments related to debt counseling or bankruptcy

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within one year immediately preceding the commencement of this case.

NONE, except for any payment to Shulman Law Offices, as disclosed in the Fee Disclosure Statement pursuant to BR 2016, filed herein.  Also, nominal amount paid for required credit counseling certificate to approved agency, if debtor(s)' income is over 150% of poverty level.

## 10. Other transfers

a.    List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either

absolutely or as security within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

NONE

      b.      List all property transferred by the debtor within ten years immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

NONE

## 11. Closed financial accounts

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within one year immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

NONE

## 12. Safe deposit boxes

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

NONE

## 13. Setoffs

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within 90 days preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

NONE

## 14. Property held for another person

List all property owned by another person that the debtor holds or controls.

NONE

## 15. Prior address of debtor

If the debtor has moved within the three years immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|
| 98-500 Koauka Loop #18L, Aiea, HI 96701 | Same | 5/08 - 11/15/08 |
| 216 Rainbow Place, Milpitas, CA 95035 | Same | 2005 - 5/08 |

## 16. Spouses and Former Spouses

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight-year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NONE

## 17. Environmental Information

For the purpose of this question, the following definitions apply:

      "Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

      "Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to disposal sites.

      "Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

a.      List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law.  Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law.

NONE

b.      List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material.  Indicate the governmental unit to which the notice was sent and the date of the notice.

NONE

c.      List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party.  Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

NONE

## 18.  Nature, Location and Name of Business

a.      If the debtor is an individual, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partnership, sole proprietorship, or was a self-employed professional within the six years immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within the six years immediately preceding the commencement of this case.
       If the debtor is a partnership, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within the six years immediately preceding the commencement of this case.
       If the debtor is a corporation, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within the six years immediately preceding the commencement of this case.

NONE

b.      Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. 101.

NONE

    Questions 19 - 25 are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within the six years immediately preceding the commencement of this case, any of the following:  an officer, director, managing executive, or owner of more than 5 percent of the voting securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or otherwise self-employed.  An individual or joint debtor should complete this portion of the statement only if the debtor is or has been in business, as defined above, within the six years immediately preceding the commencement of this case.

  XX    Questions 19 - 25 are inapplicable to the debtor and therefore are not included hereafter.

[If completed by an individual and spouse]

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs, any attachments thereto and that they are true and correct to the best of my knowledge, information, and belief.

Dated:    11/19/10                                        _____
                                                          DOAN M. DENISTON


   0     (#) continuation pages attached

Penalty for making a false statement:  Fine of up to $500,000 or imprisonment for up to 5 years, or both.  18 U.S.C. 152 and 3571

Case: 10-01998   Doc# 1   Filed: 11/19/10   Entered: 11/19/10 17:12:14   Page 26 of 33

James S.K. Shulman, Esq. #118938
1501 The Alameda
San Jose, CA 95126
(408) 297-3333

Attorney for Debtor(s)

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA

In re:

DOAN M. DENISTON

Debtor(s) _____ /

Chapter 13

Case No.

DISCLOSURE OF COMPENSATION UNDER 11
U.S.C. § 329 AND BANKRUPTCY RULE 2016(b)

I certify that I am the attorney for the above-named debtor(s) and that the compensation paid or agreed to be paid to me for services rendered or to be rendered on behalf of the debtor(s) in or in connection with a case under Title 11 of the United States Code, such payment or agreement having been after one year before the date of the filing of the petition, is as follows: $200 paid; $3,250 to be paid, and that the source of the compensation paid is debtor(s)' wages, and that the source of the compensation agreed to be paid is debtor(s)' wages and earnings paid to the Chapter 13 Trustee.

I have not agreed to share this compensation with any other person, except for the partners and associates of my firm.

Dated: 11/19/10

Attorney for debtor(s), James S.K. Shulman

James S.K. Shulman, Esq.  #118938
1501 The Alameda
San Jose CA 95126
(408) 297-3333
Attorney for Debtor(s)


# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA

In re:                                              Chapter 13
DOAN M. DENISTON                                    Case No.

                                                    CREDITOR MATRIX COVER SHEET

Debtor(s)
_____/


I, JAMES S.K. SHULMAN, the debtors' attorney herein declare that the attached CREDITOR MAILING MATRIX,
consisting of ____3____ sheets, contains the correct, complete and current names and addresses of all priority,
secured and unsecured creditors listed in the debtor's filing and that this matrix conforms with the Clerk's
promulgated requirements.


Dated:  November 19, 2010

                                                    _____
                                                    JAMES S.K. SHULMAN
                                                    Attorney for Debtor(s)

American Honda Finance Corporation
PO Box 6070
Cupress  CA  90630


HSBC Retail Services
PO Box 60148
City of Industry  CA  91716


HSBC Retail Services
PO Box 15521
Wilmington  DE  19850


American General Finance
PO Box 54290
Los Angeles  CA  90054


American General Finance, Inc.
1080 Blossom Hill Road #G1
San Jose  CA  95123


Asset Acceptance LLC
PO Box 2036
Warren  MI  48090


Bank of America
PO Box 301200
Los Angeles  CA  90030


Bank of America
PO Box 15028
Wilmington  DE  19850

Capital One Bank
PO Box 60599
City of Industry  CA  91716


Capital One Bank
PO Box 30285
Salt Lake City  UT  84130


Citi Cards
Processing Center
Des Moines  IA  50363


Citi Cards
PO Box 6000
The Lakes NV 89163


Discover
PO Box 30943
Salt Lake City UT 84130


Discover
PO Box 6103
Carol Stream  IL  60197


GE Money Bank/Wal-Mart
Attn: Bankruptcy Dept.
PO Box 103104
Roswell  GA  30076


Guaranty Collection/Mercury Insurance
26500 Agoura Road #204-A
Calabasas  CA  91302

```
Wal-Mart
PO Box 530927
Atlanta  GA  30353
```

<table>
<tr><td colspan="2">Form 22C   (Chapter 13) (01/08)</td><td rowspan="3">According to the calculations required by this statement: (Check as directed on Lines 17 and 23 of this statement.)</td><td>☒ The applicable commitment period is 3 years.</td></tr>
<tr><td colspan="2">In re:  DOAN M. DENISTON</td><td>☐ The applicable commitment period is 5 years.</td></tr>
<tr><td colspan="2">Case No.</td><td>☐ Disposable income is determined under Sec. 1325(b)(3).<br>☒ Disposable income is not determined under Sec. 1325(b)(3)</td></tr>
</table>

# STATEMENT OF CURRENT MONTHLY INCOME
# AND CALCULATION OF COMMITMENT PERIOD AND DISPOSABLE INCOME
## FOR USE IN CHAPTER 13 - BMFI

In addition to Schedules I and J, this statement must be completed by every individual Chapter 13 debtor, whether or not filing jointly.  Joint debtors may complete one statement only.

## Part I.   Report of Income

1.   Marital/filing status. Check the box that applies and complete the balance of this part of this statement as directed.
   a. ☒ Unmarried.  Complete only Column A ("Debtor's Income") for Lines 2-10.
   b. ☐ Married.  Complete only Column A ("Debtor's Income") and Column B ("Spouse's Income") for Lines 2-10.

All figures must reflect average monthly income for the six calendar months prior to filing the bankruptcy case, ending on the last day of the month before filing.  If you received different amounts of income during these six months, you must total the amounts received during the six months, divide this total by six, and enter the result on the appropriate line.

| | | | | Column A<br>Debtor's Income | Column B<br>Spouse's Income |
|---|---|---|---|---|---|
| 2. | Gross wages, salary, tips, bonuses, overtime, commissions. | | | 3,135 | |
| 3. | Income from the operation of a business, profession, or farm. Subtract Line b from Line a and enter the difference on Line 3. Do not enter less than zero. Do not include Line b amounts in Part IV. | a. Gross receipts | 0 | 0 | |
| | | b. Ordinary necessary expenses | 0 | 0 | |
| | | c. Business income | | 0 | |
| 4. | Rent or other real property income.  Subtract Line b from Line a and enter the difference on Line 4. Do not enter less than zero. Do not include Line b amounts in Part IV. | a. Gross receipts | 0 | 0 | |
| | | b. Ordinary necessary expenses | 0 | 0 | |
| | | c. Rental income | | 0 | |
| 5. | Interest, dividends, and royalties. | | | 0 | |
| 6. | Pension and retirement income. | | | 0 | |
| 7. | Regular contributions to the household expenses of the debtor or the debtor's dependents, including child or spousal support.  Do not include contributions from the debtor's spouse. | | | 0 | |
| 8. | Unemployment compensation.   Enter the amount in Column A and, if applicable, in Column B.  However if you contend that such income was a benefit under the Social Security Act, do not list in Column A or B, but as indicated adjacent hereto. | Debtor claimed under SSA | 0 | | |
| | | Spouse claimed under SSA | | | |
| | | Total not under SSA | | 0 | |
| 9. | Income from all other sources.   Do not include any benefits received under the Social Security Act or payments received as a victim of a war crime, crime against humanity, or as a victim of international or domestic terrorism. Specify source and amount. | | 0 | | |
| | | | 0 | | |
| | | Total | | 0 | |
| 10. | Subtotal.  Add Lines 2 through 9 in Columns A and B separately.  Enter the totals. | | | 3,135 | |
| 11. | Total.   If Column B has been completed, add Columns A and B of Line 10. Enter here. | | | | 3,135 |

## Part II.   Calculation of Sec. 1325(b)(4) Commitment Period

| | | | |
|---|---|---|---|
| 12. | Enter the amount from Line 11. | | 3,135 |
| 13. | Marital adjustment.   If you are married, not filing with your spouse, and if the Commitment Period [Sec 1325(b)(4)] does not require your spouse's income, enter the amount not contributed to the household. | a. | |
| | | b. | |
| | | c. | 0 |
| 14. | Subtract Line 13 from Line 12 and enter the result. | | 3,135 |
| 15. | Annualized Current Monthly Income for Sec. 1325(b)(4).    Multiply the amount from Line 14 by 12 and enter here. | | 37,620 |
| 16. | Applicable Median Family Income. | a. Debtor's state of residence | California | |
| | | b. Debtor's household size | 1 | |
| | | Applicable Median Family Income | | 47,234 |
| 17. | Application of Sec. 1325(b)(4).    Check as applicable and proceed as directed. | ☒ The amount on Line 15 is less than the amount on Line 16. Check "The applicable commitment period is 3 years" at the top of this page and complete Part VII.  Do not complete parts III - VI. | |
| | | ☐ The amount on Line 15 is not less than the amount on Line 16. Check "The applicable commitment period is 5 years" at the top of this page and continue with Part III of this statement. | |

Case: 10-61998   Doc# 1   Filed: 11/19/10   Entered: 11/19/10 17:12:14   Page 32 of 33

**Part III.   Application of Sec. 1325(b)(3) for Determining Disposable Income**

| 18. | Enter the amount from Line 11. | | | 3,135 |
|---|---|---|---|---|
| 19. | Marital adjustment.   If you are married, not filing with your spouse, and your Disposable Income does not include your spouse's income, enter the amount not contributed to the household. | a. | | |
| | | b. | | |
| | | c. | | 0 |
| 20. | Current monthly income for Sec. 1325(b)(3).   Subtract Line 19 from Line 18 and enter the result. | | | 3,135 |
| 21. | Annualized current monthly income for Sec 1325(b)(3).   Multiply Line 20 by 12 and enter here. | | | 37,620 |
| 22. | Applicable median family income.   Enter the amount from Line 16. | | | 47,234 |
| 23. | Application of Sec. 1325(b)(3).   Check as applicable and proceed as directed. | ☐ | The amount on Line 21 is more than the amount on Line 22.  Check "Disposable income is determined under Sec. 1325(b)(3)" at the top of page 1 and complete the remaining parts of this statement. | |
| | | ☒ | The amount on Line 21 is not more than the amount on Line 22.  Check "Disposable income is not determined under Sec. 1325(b)(3)" at the top of page 1 and complete Part VII.  Do not complete Parts IV - VI. | |

**Parts IV - VI are deleted as inapplicable in this case.**

**Part VII.  Verification**

61.   I declare under penalty of perjury that the information provided in this statement is true and correct.  (If this is a joint case, both debtors must sign.)

Dated: _____11/19/10_____

_____
Debtor, DOAN M. DENISTON

Form 22C  CHAPTER 13 - BMFI    DOAN M. DENISTON        Page 2 of 2 Pages

Case: 10-61998    Doc# 1    Filed: 11/19/10    Entered: 11/19/10 17:12:14    Page 33 of 33